**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WINDOW WORLD OF CHICAGOLAND, LLC, | ) | |
| and DAVID L. HAMPTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 12 C 579 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| WINDOW WORLD, INC., | ) | |
| TAMMY WHITWORTH, DANA DEEM, | ) | |
| RUBEN LEON WHITWORTH, and | ) | |
| MARIE WHITWORTH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendants Window World, Inc., Tammy Whitworth and Dana Deem's motion to dismiss plaintiffs' second amended complaint. For the reasons stated below, the motion is granted in part and denied in part.

**I.**    *Factual Background*

According to the second amended complaint, on August 29, 2005, plaintiff David Hampton entered into a licensing agreement with defendant Window World, Inc. ("Window World"), which granted Hampton the right to sell windows and related products under the "Window World" name in DuPage County, Illinois. Hampton entered into additional licensing agreements with Window World on February 8, 2006 for exclusive trade areas in north and south Cook County, Illinois. Plaintiffs entered into new license agreements for the north and south Cook County territories on November 21, 2008, and for the DuPage County territory on December 11, 2009. Hampton eventually operated his business under the name Window World of Chicagoland, LLC, which also is a named plaintiff in this action.

The second amended complaint alleges that before and after the license agreements were signed, defendant Window World's representatives, including defendants Dana Deem and Ruben Leon Whitworth, repeatedly told Hampton that his exclusive territories would be protected by the use of buffer areas around them, and that if a territory adjacent to his territories was to be sold that was not a part of a buffer area he would have a right of first refusal.

In 2009, another Window World licensee told Hampton that Window World was planning to sell buffer territories adjacent to plaintiffs' territories. Hampton repeatedly asked Window World for the Will County territory, but was told that it was not for sale. In February 2010, Hampton learned that Window World had sold the Will County territory to someone else.

In an October 28, 2011 letter, defendants Deem and Tammy Whitworth, acting on behalf of Window World, advised plaintiffs that their relationship with Window World was in fact a franchise, and that their license agreements violated franchise registration and disclosure laws. Window World gave plaintiffs 35 days to either agree to become a Window World franchisee, or rescind the license agreements and cease operating under the Window World name. According to the complaint, Window World was not registered to sell franchises in Illinois at that time, and did not have an approved form of Franchise Disclosure Document registered in Illinois. Plaintiffs elected to enter into a franchise agreement with Window World.

Plaintiffs filed this action on January 26, 2012. Their seven-count second amended complaint alleges violations of the Illinois Franchise Disclosure Act ("IFDA"), breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, and civil conspiracy against Window World, Tammy Whitworth, Dana Deem, Ruben Leon Whitworth, and Marie Whitworth. Defendants Tammy Whitworth, Window World, and Dana Deem have

2

moved to dismiss plaintiffs' claims against them.

## II.  *Analysis*

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts the factual allegations in the second amended complaint as true, and draws reasonable inferences in plaintiffs' favor.  *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  The court may consider exhibits attached to the complaint, but disregards materials submitted by the parties that are not part of the complaint.  *See* Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

### A.  *IFDA Claims (Counts I-III)*

Defendants first argue that plaintiffs' IFDA claims should be dismissed because they are time-barred.  A complaint is not required to anticipate affirmative defenses, including statute of limitations.  *See Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004).  However, a claim may be dismissed as untimely under Rule 12(b)(6) if the plaintiff pleads himself out of court by alleging facts that establish that the applicable limitations period has expired.  *See id.*

The parties agree that plaintiffs' IFDA claims are subject to a three-year statute of limitations.  *See* 815 ILCS 705/27.  This limitations period expires three years "after the act or

transaction constituting the violation upon which it is based." *Id*. Even if the relevant act or transaction is the signing of the license agreements, as defendants argue, plaintiffs filed this action within three years after the December 11, 2009[1] DuPage County license agreement was signed. The motion to dismiss the IFDA claims as time-barred is denied.

Defendants argue that even if plaintiffs' IFDA claims are not time-barred, their claims for rescission under the IFDA should be dismissed because plaintiffs previously declined defendants' October 28, 2011 rescission offer. Section 26 of the IFDA provides, in pertinent part:

> No franchisee may sue for rescission under this Section 26 who shall fail, within 30 days from the date of receipt thereof, to accept an offer to return the consideration paid or to repurchase the franchise purchased by such person. Every offer provided for in this Section shall be in writing, shall be delivered to the franchisee or sent by certified mail addressed to the franchisee at such person's last known address, shall offer to return any consideration paid or to repurchase the franchise for a price equal to the full amount paid less any net income received by the franchisee, plus the legal rate of interest thereon . . . .

815 ILCS 705/26. Plaintiff responds that Window World's October 28, 2011 letter was not a valid rescission offer under the IFDA.

The second amended complaint alleges that the October 28, 2011 letter did not comply with the IFDA's requirements for a rescission offer. In addition, the court notes that the letter, which is attached to the second amended complaint, only offers to refund the license fee that Hampton paid, less the profits derived from the Window World business, and does not mention interest. The court concludes that plaintiffs have not pleaded themselves out of court as to their

---

[1] Defendants contend that the DuPage County license agreement was actually signed on December 11, 2008, as evidenced by the agreement attached to the complaint. Although the last page of the agreement references 2008, the first page contains the 2009 date alleged in the complaint, and the court draws all reasonable inferences in plaintiffs' favor. Accordingly, the court accepts the later date for the purpose of this motion to dismiss.

IFDA claims.

**B.      *Breach of Contract (Count IV)***

In Count IV, plaintiffs claim that defendants breached the license agreements by selling the Will County territory to a third party.  Defendants argue that this breach of contract claim should be dismissed because the plain language of the licensing agreements refutes plaintiffs' contention that plaintiffs had a right of first refusal to adjacent territories.  The license agreements are attached to the complaint, and provide:

> **ADJACENT TRADE AREAS**: LICENSEE may request to acquire a license in a trade area which is adjacent to the trade area set forth herein.  LICENSOR will not unreasonably withhold consent to the LICENSEE'S request to acquire an adjacent trade area.  However, LICENSEE acknowledges nothing herein shall be construed as a promise or guarantee that LICENSOR will allow LICENSEE to acquire an adjacent trade area.

Although plaintiffs may have acknowledged in this provision that defendants did not promise or guarantee that defendants would allow plaintiffs to acquire an adjacent territory, an issue of fact exists as to whether defendants unreasonably withheld consent to plaintiffs' requests to acquire the Will County territory.  The motion to dismiss Count IV is denied.

**C.      *Fraud (Count V)***

Defendants argue that plaintiffs' fraud claim should be dismissed because plaintiffs fail to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake."  The "complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990).  That is, the complaint must allege the "who, what, when, where, and how: the first paragraph of any

newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). "A complaint

that attributes misrepresentations to all defendants, lumped together for pleading purposes,

generally is insufficient." *Sears*, 912 F.2d at 893.

The second amended complaint largely lumps defendants together, by listing material

misrepresentations that "Window World representatives" and "defendants" allegedly made. The

complaint contains no allegations that defendants Tammy Whitworth and Marie Whitworth

made any misrepresentations. In addition, although the second amended complaint alleges that

defendants Deem and Ruben Leon Whitworth made certain misrepresentations, the complaint

does not otherwise state the circumstances of the alleged fraud with particularity. For example,

the complaint alleges only that these defendants "repeatedly" represented that Window World

would protect plaintiffs' territories with buffer areas and would enforce the Window World

trademark, and that plaintiffs would make $120,000 in net profit. However, plaintiffs fail to

specify the times and places of these representations, and the method by which defendants

communicated them. The court finds that the allegations of fraud do not satisfy Rule 9(b), and

dismisses Count V, without prejudice.

### D. *Breach of the Implied Covenant of Good Faith and Fair Dealing (Count VI)*

As a separate claim, plaintiffs allege in Count VI that defendants breached the implied

covenant of good faith and fair dealing by denying plaintiffs' request to buy an adjacent territory,

selling that territory to someone else, unreasonably requiring plaintiffs to resign from the Better

Business Bureau, and failing to enforce the Window World trademarks. Under Illinois law,

"every contract implies good faith and fair dealing between the parties to it." *Beraha v. Baxter

Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992). However, the covenant of good faith

and fair dealing is a rule of construction, and is not an independent source of duties separate from a contract. *See id.* Therefore, plaintiffs' separate claim for breach of the implied covenant of good faith and fair dealing is dismissed. *See Zeidler v. A & W Restaurants, Inc.*, 301 F.3d 572, 575 (7th Cir. 2002).

### E. *Civil Conspiracy (Count VII)*

Finally, the court turns to plaintiffs' civil conspiracy claim, which alleges that defendants conspired to illegally and fraudulently sell franchises in Illinois. Defendants argue that this claim should be dismissed because the principals, officers, and employees of the defendant corporation cannot conspire with one another.

Under the intracorporate conspiracy doctrine, "a conspiracy cannot exist solely between members of the same entity." *Payton v. Rush-Presbyterian-St.Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). As plaintiffs note, the doctrine does not apply when the corporate employees act "on their own behalf," or with an "independent personal stake" in the action." *See Hartman v. Bd. of Trustees of Community College Dist. No. 508*, 4 F.3d 465, 470 (7th Cir. 1993). However, the second amended complaint alleges that all of the individual defendants were employees and/or officers of the corporate defendant, and that defendants Deem and Tammy Whitworth wrote to plaintiffs "on behalf of Window World" to advise them that the license agreement was in fact a franchise. Moreover, the complaint contains no allegations suggesting that any of these individuals acted on his or her own behalf or with an independent personal stake. The court finds that the intracorporate conspiracy doctrine applies, and dismisses plaintiffs' civil conspiracy claim in Count VII.

**ORDERED:** Defendants Window World, Inc., Tammy Whitworth and Dana Deem's

motion to dismiss [30] is granted in part and denied in part. The motion is granted as to Counts V through VII, and is denied as to Counts I through IV. The court *sua sponte* dismisses Counts V through VII against the remaining defendants, for the same reasons that it dismisses these claims against the movants. Plaintiffs are granted leave to file an amended complaint, by May 29, 2012.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED:     May 23, 2012